IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 3:03-1026 |
| vs. | ) |
| **GLENN BROWN** | ) <u>**ORDER**</u> |

This matter comes before the Court on the Motion of the United States of America to dismiss without prejudice the Superseding Indictment pending against the Defendant, **GLENN BROWN**. The Defendant has also filed a <u>Pro Se</u> Motion with the Court, seeking an Order of Dismissal of the Superseding Indictment with prejudice.

On March 18, 2004, the grand jury for the District of South Carolina, returned a 46-count Superseding Indictment against the Defendant and 19 other individuals, charging the Defendant with violations of Title 18, United States Code, Sections 1014, 1344, 1956(a)(1) and 2. All of the co-defendants in this case have pled guilty, entered pre-trial diversion, or have been dismissed without prejudice.

Regarding the Motion to Dismiss the Superseding Indictment without prejudice, the government asserts that it seeks dismissal here so as to further investigate and add additional charges against the Defendant and other individuals. Rule 48 of the Federal Rules of Criminal Procedure establishes that the government may, with leave of court, dismiss an indictment, but that it may not do so during trial without the Defendant's consent. Jury selection has not yet occurred in the Defendant's case.

Regarding the Defendant's Motion to Dismiss the Superseding Indictment with prejudice, the Defendant alleges that the Grand Jury was deliberately deceived as to his

employment, and to the classification of all mortgage loans in the investigation as "first payment defaults," and that such deception requires dismissal of the Superseding Indictment with prejudice. The government responds that while the statements were in fact erroneous, they were not made to deceive the grand jury, and that in any event, the statements were insignificant and immaterial as to the Defendant's conduct as alleged in the Grand Jury's Superseding Indictment. Indeed, after a full hearing on the matter, the Defendant failed to demonstrate any significance or materiality of these erroneous statements in regard to the charges against him. The Defendant further failed to provide any authority supporting his motion.

After carefully considering both Motions and the arguments of the parties, the court concludes that the government is authorized pursuant to Rule 48 to seek dismissal of the Superseding Indictment without prejudice, and that Motion is GRANTED. The Defendant's Motion to Dismiss the Superseding Indictment with prejudice is DENIED.

AND IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

HONORABLE JOSEPH F. ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 18, 2005

Columbia, South Carolina